UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

Civil Action No. 13-CV

| | |
|---|---|
| ERICK DEJESUS, | ) **PLAINTIFF'S FIRST AMENDED** |
| | ) **COMPLAINT & DEMAND FOR** |
| *Plaintiff*, | ) **JURY TRIAL** |
| vs. | ) |
| | ) |
| CITY OF HOLYOKE, | ) |
| DETECTIVE WILLIAM DELGADO, Individually | ) |
| and in his official capacity as a Police Officer for | ) |
| the City of Holyoke, | ) |
| OFFICER LEAHY, | ) |
| Individually and in his official capacity as a Police | ) |
| Officer for the City of Holyoke, | ) |
| TROOPER VALENTINI and other responding | ) |
| officers individually and in his/their official | ) |
| capacity as a Trooper for the Commonwealth of | ) |
| Massachusetts, | ) |
| | ) |
| *Defendants.* | ) |

NOW COMES the Plaintiff, Erick DeJesus, and does hereby bring the following Complaint in the above-captioned matter. Plaintiff demands a jury trial.

**INTRODUCTION**

1. This action is brought pursuant to 42 U.S.C. Section 1983, arising out of an incident of police brutality and excessive force whereby the plaintiff, Erick DeJesus was unjustifiably hit, pushed, kicked and severely beaten by officers with unknown objects resulting in injury

Jeanne A. Liddy, Esq.

Complaint - 1

after defendant officers stopped plaintiff on Route 5, West Springfield. The brutal beating by officers resulted in plaintiff's inability to open his jaw, multiple contusions and lacerations to his head, neck, ribs, knee, back and face as well as a concussion together with headache and blurred vision.  Defendants further denied plaintiff medical treatment and plaintiff continued to suffer lingering blurred vision and headaches well after the incident. Defendants are jointly and severally liable for violating plaintiff's rights under the Constitution of the Commonwealth of Massachusetts and under the United States Constitution and for all injuries he sustained as a result of the constitutional violations.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 together with statutory and Constitutional provisions.  Pendant and supplemental jurisdiction is invoked for this Court to decide claims that may arise under the laws of the Commonwealth of Massachusetts.  This Court has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

3. Venue pursuant to 28 U.S.C. Section 1391 is properly placed in the District Court because it is where all the parties reside and where the events complained of occurred, namely, Route 5, near West

Jeanne A. Liddy, Esq.

Springfield, in the City of West Springfield, County of Hampden and the Commonwealth of Massachusetts.

## PARTIES

4. Plaintiff, Erick DeJesus, is a citizen of the United States and a resident of the Commonwealth of Massachusetts, in the County of Hampden, in the city of Holyoke.

5. At all times relevant to this Complaint, defendants, Detective William Delgado and Officer Leahy, were sworn members of the City of Holyoke Police Department and were acting in such capacity as agent, servant and employee. Each of the foregoing defendants is being sued in their individual and official capacity. Each of the foregoing defendants were acting under color of state law.

6. Defendant City of Holyoke is a municipal corporation located in Hampden County, Massachusetts. At all material times hereto, the City of Holyoke was the public employer of defendants Delgado and Leahy, police defendants. The City of Holyoke is responsible for the proper functioning of the police department and for ensuring that all officers on the police department are properly supervised and trained to interact with members of the public without violating their rights under the constitutions of the United States of America and the Commonwealth of Massachusetts. It is also responsible for preventing and eliminating all policies and practices that allow or

      encourage police officers to violate the constitutional rights of members of the public with whom they interact.

7. At all times relevant to this Complaint, defendant, Trooper Valentini was a sworn member of the Massachusetts State Police Department and was acting in such capacity as agent, servant and employee. The foregoing defendant is being sued in his individual and official capacity.  The foregoing defendant was acting under color of state law.

### FACTS

8. On or about Tuesday, July 6, 2010, plaintiff was shopping at the Almonte Market in the City of Holyoke, in the Commonwealth of Massachusetts.

9. On or about Tuesday, July 6, 2010, without incident and while watched by defendant Delgado, plaintiff left the Almonte Market in the City of Holyoke, entered his lawfully parked black car and drove away.

10. On or about Tuesday, July 6, 2010, defendant Delgado was looking for a black car in the area due to a call he received from another officer, Officer Brach, where it was alleged that a weapon might be found.

11. Without other reason, defendant Delgado followed plaintiff out of the City of Holyoke, onto Route 91, onto Route 5, where Defendant Delgado was joined by Defendant Leahy, Trooper Valentini and

                    other members of the Massachusetts State Police, Holyoke and West Springfield Police Departments.

12.     Defendants and other officers took plaintiff into custody on or about July 6, 2010, by dragging plaintiff out of his car and slamming him to the pavement all while intentionally and repeatedly striking plaintiff about his head, face, jaw, neck, back, ribs, arms with unknown objects in a willful, malicious manner thereby committing a battery on the plaintiff and inflicting injuries including but not limited to profuse bleeding lacerations, contusions, concussion, blurred vision, headache and the inability to open his jaw.

13.     There was no weapon in the car, plaintiff was unarmed and helpless and in no way posed a threat to defendants Delgado, Leahy and Valentini or other responding officers.

14.     Upon booking at the Holyoke Police Department and although plaintiff was visibly injured, he was not offered medical treatment and was not treated by medical personnel until he was released and sought help on July 8, 2010.

15.     Plaintiff continued to seek medical treatment due to lingering headaches and blurred vision.

16.     Plaintiff was physically abused without just and legal cause, thereby violating his rights under the laws of the Constitution of the United States, in particular the Fifth and Fourteenth Amendment, and his rights pursuant to the Massachusetts Declaration of Rights were further violated.

17. In committing the physical abuse on the plaintiff, defendants Delgado, and Leahy, violated the rules and regulations of the Holyoke Police Department regarding the use of such excessive force.

18. In committing the physical abuse on the plaintiff, defendant Trooper Valentini violated the rules and regulations of the Massachusetts State Police regarding the use of such excessive force.

19. During the apprehension and on or about July 6, 2010, plaintiff was denied rights afforded to him by the Declaration of Rights promulgated by the Commonwealth of Massachusetts and the Constitution of the United States of America.  Events which constituted a denial of said rights included by were not limited to: physical abuse where multiple areas of his person were beaten at the time of arrest resulting in lacerations and bruising necessitating medical treatments.

20. Defendants further denied plaintiff treatment for the injuries caused by defendants' own acts.

21. On August 1, 2011, Velis, J., entered an Order allowing plaintiff's Motion to Suppress Evidence due to defendants illegal search, seizure and unlawful *Terry* stop.

22. On November 9, 2011, the Commonwealth of Massachusetts filed a Nolle Prosequi, an Order of Nolle Prosequi was entered and the charges against plaintiff were dismissed with prejudice.

Jeanne A. Liddy, Esq.

23. On or about September 19, 2013, and after plaintiff filed the instant action, defendant Delgado was driving in a Toyota nearby Plaintiff and his family in the vicinity of Chestnut Street, in the city of Holyoke, in the Commonwealth of Massachusetts.

24. On or about September 19, 2013, and as part of a continuing pattern of ill-will against plaintiff, defendant Delgado shouted at plaintiff to "stop" his car, shouted "you don't know who I am" while further indicating he had a gun all while driving his Toyota at the plaintiff and his family at a high rate of speed.

**COUNT 1**

42 U.S.C., Section 1983

v. Delgado, Leahy, Valentini

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as if set forth fully herein.

26. Plaintiff says he was the victim of abusive physical punishment administered in a grossly disproportionate manner to whatever Erick DeJesus' acts might have been which resulted in physical harms and which constituted cruel and unusual punishment thereby depriving him of the right to due process of law under the laws and constitution of the United States.

27. As a direct and proximate result of the above-described unlawful and malicious acts of defendants Delgado, Leahy and Valentini,which acts alleged herein were all committed under color

    of authority as a Police Officers and while acting in that capacity, plaintiff suffered extreme and grievous bodily harm and pain which required him to seek medical treatment and plaintiff suffers and still suffers great pain, as well as humiliation, damage to his reputation and psychological trauma.

28.  The intentional acts of defendants described above were all performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution and in contravention of the letter and sprit of 42 U.S.C. Section 1983.

29.  As a direct and proximate result of these acts, plaintiff has suffered great pain, both physical and mental, monetary loss, deprivation of liberty, loss of ability to work and fully function as a member of his family and community.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendants DelGado, Leahy and Valentini, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

Jeanne A. Liddy, Esq.

## COUNT II

42 U.S.C., Section 1983

v. City of Holyoke

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29 as if set forth fully herein.

31. By its action, inaction and deliberate indifference as set forth above, the City of Holyoke knowingly, willfully and intentionally allowed a policy and custom to exist which resulted in violations of plaintiff's rights under the United States Constitution and under the Massachusetts Declaration of Rights, all in violation of 42 U.S.C., Section 1983.

32. As a direct result of the City of Holyoke's violation of 42 U.S.C., Section 1983, plaintiff suffered great harm.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendant City of Holyoke, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

Jeanne A. Liddy, Esq.

## COUNT V

ASSAULT AND BATTERY

v. Delgado

33.  Plaintiff re-alleges and incorporates paragraphs 1 through 32 as if set forth fully herein.

34.  The acts of defendant Delgado, described above, constituted an assault upon plaintiff, Erick DeJesus, in that defendant Delgado intentionally attempted to injure plaintiff or commit a battery upon him and further the act of the defendant represented a grievous affront to plaintiff, Erick DeJesus.

35.  Defendant Delgado's acts constituted a battery upon the plaintiff, Erick DeJesus, in that the bodily contact described was intentional and grossly offensive in nature.

36.  The actions of defendant Delgado were intentional, reckless, unwarranted, without any just cause or provocation and defendant Delgado knew, or should have known, that his actions were without the consent of plaintiff, Erick Dejesus, and that such actions described were without his wishes.

37.  As a direct and proximate result of the acts of defendant Delgado, plaintiff, Erick DeJesus has suffered and still suffers severe physical and mental harms resulting from defendant Delgado's assault and battery and has further suffered and will continue to suffer a great loss of enjoyment of life all to his great and permanent loss caused solely by the reason of conduct described by defendant Delgado.

Jeanne A. Liddy, Esq.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendant Delgado, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

## COUNT VI

ASSAULT AND BATTERY

v. Leahy

38. Plaintiff re-alleges and incorporates paragraphs 1 through 37 as if set forth fully herein.

39. The acts of defendant Leahy, described above, constituted an assault upon plaintiff, Erick DeJesus, in that defendant Delgado intentionally attempted to injure plaintiff or commit a battery upon him and further the act of the defendant represented a grievous affront to plaintiff, Erick DeJesus.

40. Defendant Leahy's acts constituted a battery upon the plaintiff, Erick DeJesus, in that the bodily contact described was intentional and grossly offensive in nature.

41. The actions of defendant Leahy were intentional, reckless, unwarranted, without any just cause or provocation and defendant Leahy knew, or should have known, that his actions were without the consent of plaintiff, Erick Dejesus, and that such actions described were without his wishes.

42. As a direct and proximate result of the acts of defendant Leahy, plaintiff, Erick DeJesus has suffered and still suffers severe physical and mental harms resulting from defendant Delgado's assault and battery and has further suffered and will continue to suffer a great loss of enjoyment of life all to his great and permanent loss caused solely by the reason of conduct described by defendant Delgado.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendant Leahy, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

### COUNT VII

ASSAULT AND BATTERY

v. Valentini

43. Plaintiff re-alleges and incorporates paragraphs 1 through 42 as if set forth fully herein.

44. The acts of defendant Valentini, described above, constituted an assault upon plaintiff, Erick DeJesus, in that defendant Delgado intentionally attempted

to injure plaintiff or commit a battery upon him and further the act of the defendant represented a grievous affront to plaintiff, Erick DeJesus.

45. Defendant Valentini's acts constituted a battery upon the plaintiff, Erick DeJesus, in that the bodily contact described was intentional and grossly offensive in nature.

46. The actions of defendant Valentini were intentional, reckless, unwarranted, without any just cause or provocation and defendant Delgado knew, or should have known, that his actions were without the consent of plaintiff, Erick Dejesus, and that such actions described were without his wishes.

47. As a direct and proximate result of the acts of defendant Valentini, plaintiff, Erick DeJesus has suffered and still suffers severe physical and mental harms resulting from defendant Valentini's assault and battery and has further suffered and will continue to suffer a great loss of enjoyment of life all to his great and permanent loss caused solely by the reason of conduct described by defendant Valentini.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendant Valentini, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

Jeanne A. Liddy, Esq.

## COUNT V

### ASSAULT

v. Delgado

48. Plaintiff re-alleges and incorporates paragraphs 1 through 47 as if set forth fully herein.

49. The acts of defendant Delgado on September 19, 2013, described above, constituted an assault upon plaintiff, Erick DeJesus, in that defendant Delgado intentionally attempted to cause apprehension and fear in plaintiff after this action was filed and further the actions of the defendant represented a grievous affront to plaintiff, Erick DeJesus.

50. Defendant Delgado's actions were performed with ill will and malice and have constituted an assault upon the plaintiff, Erick DeJesus, in that defendant's continuation of assaultive conduct against plaintiff after plaintiff has filed a complaint have been intentional and grossly offensive in nature.

51. The actions of defendant Delgado were intentional, reckless, unwarranted, without any just cause or provocation and defendant Delgado knew, or should have known, that his actions were without the consent of plaintiff, Erick Dejesus, were likely to cause him great fear of harm and that such actions described were without his wishes.

52. As a direct and proximate result of the acts of defendant Delgado, plaintiff, Erick DeJesus has suffered extreme fear and still suffers severe mental harms resulting from defendant Delgado's assault and and has further suffered and will continue to suffer a great loss of enjoyment of life all to his great and permanent

Jeanne A. Liddy, Esq.

loss caused solely by the reason of conduct further described by defendant Delgado.

WHEREFORE, Plaintiff, Erick DeJesus, prays that this Court assume jurisdiction over this matter and that it enter Judgment in favor of plaintiff and against defendant Delgado, in an amount to be determined by this Court, including but not limited to compensatory and punitive damages, compensation for his emotional pain and suffering, interest, costs, attorneys fees and any other such relief that this Court deems meet and just.

## JURY DEMAND

The Plaintiff demands a jury as to all issues so triable

       Dated this _14th day of April, 2014

       FOR THE PLAINTIFF
       ERICK DEJESUS
       By His Attorney,

       /s/ Jeanne A. Liddy

       -------------------
       Jeanne A. Liddy
       Law Office of Jeanne A. Liddy
       1380 Main Street, Suite #404
       Springfield, MA  01103
       Tel. (413) 781-7096
       Fax. (413) 391-5793
       Liddylaw2005@yahoo.com

       Jeanne A. Liddy, Esq.